UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

MARINER ATLANTIC MULTI-STRATEGY, LLC,

Applicant,

PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN FOREIGN PROCEEDINGS PENDING IN THE SWISS CONFEDERATION.

26 Misc. 479 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Applicant Mariner Atlantic Multi-Strategy, LLC ("Mariner") filed an *Ex Parte* Petition for Judicial Assistance in Aid of Foreign Proceedings pursuant to 28 U.S.C. § 1782 (the "Application"). Dkt. 1. This Application seeks authorization to serve subpoenas for payments records from the Federal Reserve Bank of New York (the "FRBNY") and the Clearing House Interbank Payments System ("CHIPS") for use in a criminal proceeding that Mariner initiated by filing a complaint with the Geneva Public Prosecutor's Office in Switzerland (the "Swiss Proceeding"). *See* Dkt. 4 (memorandum of law) at 1; Dkt. 5 ("Tattevin Decl.") ¶ 7; Dkt. 6 (declaration of Jillian Fitzpatrick), Exhs. A ("FRBNY Subpoena"), B ("CHIPS Subpoena").

The Application is granted. Section 1782(a) provides that, "upon the application of any interested person," "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." In deciding whether to grant such an application, a district court follows a two-step process: first, it must determine whether the Section 1782 application satisfies the statute's three mandatory requirements, meaning that (i) "the person from whom discovery is sought resides (or is found) in the district"; (ii) "the discovery [is] for use in a

foreign proceeding before a foreign tribunal"; and (iii) "the application [was] made by . . . an[] interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). If the application meets these prerequisites, the district court must then "use its discretion in balancing a number of [other] factors," *id.*, which the Supreme Court laid out in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

Mariner's application clearly satisfies the three statutory factors. Mariner seeks discovery from the FRBNY and CHIPS, which are both located in Manhattan. *See* Tattevin Decl. ¶¶ 20-22. And it seeks to use this discovery in the Swiss Proceeding, *id.* ¶ 16, where it is the complainant and thus clearly an "interested party," *id.* ¶¶ 7-9. *See In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456, 461 (2d Cir. 2014) (affirming a Section 1782 discovery order sought by the complainant in a Swiss criminal case and explaining that "[t]he Swiss criminal investigation in the instant case is exactly the type of proceeding that [Section 1782] intended to reach").

The Court further finds that the discretionary *Intel* factors weigh in favor of granting the Application. *Intel* requires a district court to consider (i) whether the "evidence is sought from a nonparticipant in the matter arising abroad" such that the "evidence . . . may be unobtainable absent [Section] 1782(a) aid"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court . . . to U.S. federal-court judicial assistance"; (iii) "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (iv) whether that request is "unduly intrusive or burdensome." 542 U.S. at 264-65. Here, the FRBNY and CHIPS are non-participants in the proceedings abroad, and "[i]t is not otherwise possible to directly compel [them] to provide the discovery sought in the Swiss Proceedings because [the FRBNY and CHIPS] are located outside of the jurisdiction of Swiss

courts and authorities." Tattevin Decl. ¶ 24. And Swiss courts are "receptive" to assistance from U.S. federal courts. *Id.*; *see also In re Watkins*, No. 24 Misc. 23 (JGK) (RFT), 2024 WL 4264900, at *9 (S.D.N.Y. July 26, 2024) ("This factor weighs in Petitioner's favor because Petitioner's Swiss law expert states that Swiss courts are receptive to evidence obtained through the use of Section 1782."). Furthermore, Swiss law does not privilege or protect the information that Mariner is seeking. Tattevin Decl. ¶ 24. Finally, Mariner's request is not unduly intrusive or burdensome: Mariner is asking the FRBNY and CHIPS to produce what would seem to be easy-to-collect payments records related to specific accounts and a specific timeframe. *Id.* ¶ 25; *see also* FRBNY Subpoena; CHIPS Subpoena.

Accordingly, the Court grants the Application and authorizes Mariner to serve the FRBNY and CHIPS with the respective subpoenas attached to Docket Number 6, the Declaration of Jillian Fitzpatrick, as Exhibits A and B. That said, "unless the district court's authorizing order provides otherwise a party engaged in foreign litigation who serves a [Section] 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings." *See In re Republic of Turkiye*, No. 24 Misc. 557 (JPC), 2025 WL 2200159, at *7 (S.D.N.Y. Aug. 1, 2025) (internal quotation marks omitted) (explaining that prior notice "functions as a critical procedural safeguard meant to facilitate the right of adverse parties in the underlying foreign proceeding to challenge the discovery request"). Mariner has not sought or obtained authorization not to first serve the parties in the Swiss proceeding. Therefore, before serving the FRBNY and CHIPS, Mariner shall serve copies of this Order and its subpoenas on all the targets in the criminal proceedings, including Radiant World Corporation SA, Sapphire Minmetals Corporation SA, Radiant World Corporation, Radiant World Holding, Sapphire Minmetals Corporation Ltd., Pinkesh Nahar, Bhupeshkumar Gejvala, and any others. *See* Tattevin Decl. ¶ 7.

The FRBNY and CHIPS are further ordered to respond to the subpoenas within twenty-eight days of service and in conformance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

SO ORDERED.

Dated: October 6, 2026
New York, New York

JOHN P. CRONAN
United States District Judge